Mr. Justice MacArthur
delivered the opinion of the court:
In Starr vs. Keefer, (1 Mac A., 166,) we decided where a deed of trust directed the trustee to permit the cestui que trust to enjoy the rents, issues and profits, - arising from the trust estate during his life, and to apply the same to the support, maintenance, and education of his children, *67 that such cestui que trust had not an interest in the property which a court of equity could apply to the satisfaction of a judgment debt. The complainant here seeks for the same relief upon a deed of trust similar in all respects. The clauses upon which the question arises in both deeds are substantially alike; and the decision then made must therefore govern in the present case. The effect of granting the complainant’s prayer would be to divert the rents and profits of the estate from the purposes for which the trust was created, viz, the support and education of the children. It was manifestly the design of the grantor to provide a fund for this purpose, and he simply gave the administration of his bounty to their parents and natural guardians. The court cannot deprive them of this valuable privilege for the purpose of enforcing a judgment with which they have no connection-We cannot execute the trust as if it were for the sole benefit of the defendants without prejudice if not gross injustice to the rights of the children. The consequence is that the decree appealed from must be affirmed.